1

2

3

4                      IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    TONY N., et al.,                          Case No.  21-cv-08742-MMC

8                   Plaintiffs,
                                               **ORDER GRANTING DEFENDANTS'**
9            v.                                 **MOTION TO DISMISS**

10   U.S. CITIZENSHIP & IMMIGRATION
     SERVICES, et al.,
11
                    Defendants.

12

13           Before the Court is defendants' Motion to Dismiss, filed January 21, 2022.

14   Plaintiffs have filed opposition, to which defendants have replied.  Having read and

15   considered the papers filed in support of and in opposition to the motion, the Court

16   deems the matter suitable for decision on the parties' respective written submissions,

17   VACATES the hearing scheduled for March 11, 2022, and rules as follows.

18           On November 10, 2021, plaintiffs, five individuals who have applied for asylum,

19   filed the above-titled action, alleging defendant United States Citizenship & Immigration

20   Services ("USCIS") failed to timely rule on their applications for renewal of work permits.

21   In particular, plaintiffs allege, it is unreasonable for USCIS to fail to issue a ruling "within

22   the 180-day automatic extension period."  (See Compl. ¶ 116; see also Compl., Req. for

23   Relief ¶ (5).)[1]  As relief, plaintiffs seek both a declaration that the delay in issuing a ruling

24   is unreasonable and an order compelling USCIS to issue a ruling.

25   _____

26           [1] As set forth in more detail in the Court's order of December 22, 2021, the
     expiration date of an "Employment Authorization Document" issued by USCIS to an
27   asylum seeker is extended by 180 days if certain conditions are met, including the
     applicant's submission of an application for renewal before the expiration date.  (See
28   Order, filed December 22, 2021, at 1:27-28, 3:22-4:2.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Subsequent to the filing of the instant action, each plaintiff's application for renewal

2    was approved (see Nolan Decl., filed December 5, 2021, ¶¶ 25.a, 25.d; Defs.' Mot., filed

3    January 21, 2022, Exs. A-C), and will remain valid for a period of thirty months from the

4    date of renewal (see Order, filed December 22, 2021, at 4:25), i.e., the renewal period of

5    twenty-four months, followed by the above-referenced 180-day extension period.  In light

6    of the issuance of the above-referenced approvals, defendants argue the instant action is

7    now moot and, consequently, should be dismissed for lack of subject matter jurisdiction.

8    "Under Article III of the Constitution, federal courts may adjudicate only actual,

9    ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477

10   (1990).  "The case or controversy requirement of Article III . . . deprives federal courts of

11   jurisdiction to hear moot cases."  NAACP, Western Region v. City of Richmond, 743 F.2d

12   1346, 1355 (9th Cir. 1984).  "A case becomes moot when interim relief or events have

13   eradicated the effects of the defendant's act or omission, and there is no reasonable

14   expectation that the alleged violation will recur."  Id.

15   Here, there is no dispute that a case or controversy no longer exists as to the

16   applications that were pending on the date the action was filed.  Although plaintiffs argue

17   there exists a reasonable expectation they will be subjected to allegedly unreasonable

18   delays at the time they again may need to apply for renewal, the Court is not persuaded

19   plaintiffs' prediction of a recurrence that far in the future constitutes more than

20   speculation, given that the reasons for USCIS's delay in adjudicating plaintiffs' most

21   recent applications are, essentially, situational.  In particular, USCIS was faced with the

22   onset of a worldwide pandemic with resultant operational and financial impediments (see

23   Nolan Decl. ¶¶ 18-19), a hiring freeze that began in May 2020 and ended in March 2021

24   (see id. ¶ 19), and, in the aftermath of unrelated litigation filed in 2019 and 2021, an

25   obligatory redirection of limited resources to applications filed by non-asylum seekers

26   (see id. ¶ 20).  Under such circumstances, the Court finds plaintiffs have failed to

27   "establish a demonstrated probability that the same controversy will recur involving the

28   same litigants."  See Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985).

1          Accordingly, defendants' motion to dismiss is hereby GRANTED, and the instant

2    action is hereby DISMISSED without prejudice.  See Newcomb v. United States, 98 F.2d

3    25, 27 (9th Cir. 1938) (holding, where case becomes moot, district court must "dismiss

4    the [case] without prejudice").

5          **IT IS SO ORDERED.**

6

7    Dated: March 2, 2022

8                                                                              MAXINE M. CHESNEY
                                                                                 United States District Judge

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28